See also D.C., 272 F.Supp. 9.

---

**Doris CUMMINGS, Administratrix of the Estate of James Strong, Deceased**

v.

**BELL TELEPHONE COMPANY OF PENNSYLVANIA.**

Civ. A. No. 42139.

United States District Court
E. D. Pennsylvania.

Aug. 26, 1968.

Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Party plaintiff's decedent was a laborer in the employ of Counties Contracting & Construction Company when the trench in which he was working caved in. His employer was under contract to excavate the trench for the Bell Telephone Company of Pennsylvania. Bell

Telephone is the defendant in an action for wrongful death.

Decedent died without regaining consciousness and hence was unable to furnish information as to what occurred.

Shortly after the cave-in occurred, one Mr. Feeney, an employee of the Bell Telephone Company of Pennsylvania, examined the scene and interviewed witnesses. He thereafter prepared a report on his findings which plaintiff seeks to examine and copy.

Defendant protests that the plaintiff has failed to show "good cause" as required by Rule 34 in that this information concerning the happening of the accident can be secured from other sources.

Under the circumstances present in this case it is apparent that the requisite "good cause" for discovery of this report exists.

Decedent, who in all likelihood was the person best able to relate what happened to him, and furnish investigatory leads, perished without regaining consciousness. Thus plaintiff labored under hardship in preparing her case from the outset.

On the other hand, defendant's investigator was on the scene of the accident shortly after it occurred. His observations of that area as well as the statement taken from decedent's co-workers while the incident was fresh in their minds are of vital importance in constructing the factual underpinnings of litigation arising out of this death. They should therefore be available to all parties.

And now, this 26th day of August, 1968, it is ordered that the Defendant, Bell Telephone Company of Pennsylvania, produce for inspection and copying the report of the accident to Plaintiff's decedent prepared by its employee, Mr. Feeney.